IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VERA P. MEJIA,<br><br>    Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER ON ADMINISTRATIVE APPEAL**<br><br>Case No. 2:10 cv 00408 DAK<br><br>Honorable Dale A. Kimball |

Plaintiff, Ms. Vera P. Mejia, appeals the denial of her claim for Supplemental Security Income by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 1383(c). For the reasons outlined below, the Commissioner's decision is REVERSED and REMANDED.

## I. STANDARD OF REVIEW

The Commissioner's decision is reviewed to determine whether the factual findings are supported by substantial evidence and whether the relevant legal standards were correctly applied. Daniels v. Apfel, 154 F.3d 1129 (10th Cir. 1998), citing Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a mere scintilla but less than preponderance. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389 (1971).

## II. DISCUSSION

Ms. Mejia argues that three major errors where made by the Commissioner in considering Ms. Mejia's claim. As set forth below, I agree with Ms. Martinez on all three of the arguments raised and that such errors warrant a reversal of the Commissioner's denial and remand for further proceedings.

**A. The ALJ improperly rejected the opinions of the claimant's treating and examining medical providers.**

In denying Ms. Mejia's claim, the ALJ improperly rejected the opinions of her treating and examining medical providers. In claims for disability benefits with the Social Security Administration, the opinion of a treating physician is entitled to great weight and the Commissioner must provide "specific, legitimate reasons" for rejecting a physician's opinion. See Miler v. Chater, 99 F.3d 972 (10th Cir. 1996); Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987). Those reasons "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p. Bare conclusions are "beyond meaningful judicial review." Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996).

Ms. Mejia's treating and examining medical providers have repeatedly assessed very significant mental health limitations, which have persisted long after she stopped drinking alcohol. The ALJ rejected the assessments of all of these medical providers and credited the contrary testimony of the medical expert who testified at the hearing that, other than a moderate

limitation in performing complex tasks, Ms. Mejia would have only mild mental health limitations. (Tr. 41).

The ALJ explained that the reasons she credited the testimony of the medical expert over the assessments of the multiple treating and examining providers was that the medical expert (1) is an "expert" with extensive experience in Social Security cases and (2) had the opportunity to review the entire record and listen to the claimant's testimony. (Tr. 41).

Neither of these was a valid reason for rejecting the assessments of the multiple medical providers in favor of the medical expert. With regard to number one, the fact that the medical expert is an "expert" does not entitle his weight to greater opinion than the treating sources. Providers who have treated or examined a claimant are entitled to greater weight than non-treating, non-examining medical consultants. "The opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999).

With regard to number two, while the medical expert had the opportunity to review the entire file and listen to the claimant's testimony, the ALJ failed to explain why his testimony was so persuasive as to be credited above all other opinions in the record – especially considering the fact that his opinion is contrary to virtually every other opinion in the record. In order to credit the medical expert's testimony, the ALJ had to reject the assessments of essentially every other medical provider in the record – including Social Security's own state agency consultants.

The ALJ's willingness to reject these many other opinions in favor of the medical expert's testimony is particularly troublesome considering the expert's own admission that Ms. Mejia's testimony – which he found credible (Tr. 83-84) – was consistent with the medical evidence of record. (Tr. 75-76). He further testified that his assessment was based, in part, on her testimony – which, again, he found credible. (Tr. 83-84). It is difficult to understand how the "expert" could testify that Ms. Mejia has only mild mental health limitations after admitting that her testimony of very serious mental health impairments is consistent with the medical evidence of record.

Dr. Enright's testimony of mild mental impairments is not only inconsistent with the claimant's testimony, it is also contrary the assessments of her multiple medical providers whose assessments he admitted were consistent with her testimony. This includes the assessments of Dr. Pastran, Dr. Harper, Dr. Gora, Margo Stevens, APRN, Ted A. Harris, Ph.D., and the State Agency Medical Consultant, Chris Wehl,

In sum, the ALJ failed to provide valid reasons for rejecting the assessments of Ms. Mejia's treating and examining medical providers in favor of the testimony of the medical expert. The evidence does not support the medical expert's testimony that, aside from a moderate limitation in carrying out detailed tasks, she has only had mild mental health limitations during the relevant time period. As such, the ALJ committed reversible error by summarily rejecting the assessments of the treating and examining providers. Upon remand, the ALJ shall reconsider the statements of the treating and examining medical providers and consider such opinions under the guidelines set forth in this decision and relevant Social Security regulations.

B.     **The ALJ improperly rejected the claimant's subjective complaints.**

While credibility determinations are peculiarly the province of the finder of fact or the ALJ, such findings "should be closely and affirmatively linked to substantial evidence . . ." Houston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988); see also, Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

In Social Security Ruling 96-7p, entitled "Evaluation of symptoms in disability claims: assessing the credibility of an individual's impairments," the following is required:

> The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 97-6p.

In the case at bar, the medical expert at the hearing, on whose opinion the ALJ heavily relied to deny the claim, reviewed the entire file and listened to the claimant's testimony at the hearing. After doing so, he testified that the claimant's testimony was consistent with the medical evidence and generally credible. (Tr. 75-76, 83-84).

Nevertheless, the ALJ asserted that Ms. Mejia was not credible and provided a rather extensive list of alleged inconsistencies, which supposedly undermine her credibility. (Tr. 34-38). However, after review of the reasons provided by the ALJ for finding Ms. Mejia not credible, I find that the majority of the reasons are not supported by the evidence. Specifically,

much of the reasons indicated by the ALJ are alleged inconsistencies, which after a careful review of the record are not inconsistencies at all.

For example, after noting that Ms. Mejia complained of a limited ability to do some tasks because of the "shakes," the ALJ asserted that her credibility was undermined by the fact that she never mentioned the shakes to her treating providers, nor was it noted by any of them. To the contrary, multiple sources have made note of this condition. (Tr. 206). Les Harris noted "trembling" associated with panic attacks. (Tr. 252). Dr. Bickerton noted that she complains of the "shakes." (Tr. 284). Dr. Gora noted that she experiences "shakiness" related to her panic attacks. (Tr. 308). Nurse Stevens also noted that she has "shakes" associated with panic attacks. (Tr. 342, 343). Dr. Ted Harris noted that she has difficulty sewing because of the "shakes." (Tr. 405). This is just one of many examples of alleged inconsistencies outlined by the ALJ, which in fact were not.

In short, the ALJ improperly combed the record looking for inconsistencies to use against the claimant – no matter how minor, immaterial, or irrelevant. The majority of them are not inconsistent at all. Thus, the ALJ's negative credibility finding is not supported by substantial evidence. Upon remand, the ALJ shall assess claimant's credibility on the basis of evidence that would reflect her functioning in the workplace. Any findings must be supported by the evidence.

### C. The ALJ improperly denied the claim based on the vocational expert's response to an incomplete hypothetical.

The ALJ denied the claim at step four, and alternatively at step five, based on the testimony of a vocational expert. In doing so she committed legal error because she considered only the vocational expert's testimony to an incomplete hypothetical. "[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991), *quoting* Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir.1990).

In the case at bar, the ALJ's hypothetical did not include the limitations assessed by the claimant's treating sources and, therefore, did not relate with precision all of her limitations. As noted above, the ALJ rejected the opinions of multiple medical providers. As such, her hypothetical to the vocational expert did not include all of the claimant's limitations. (Tr. 79-80). When the vocational expert was asked to consider several more accurate hypothetical questions, including some of the improperly rejected limitations, he testified that the claimant would not be employable. (Tr. 85).

Upon remand, the ALJ shall elicit testimony from a vocational expert based on a hypothetical that includes the supported limitations set forth by the claimant's treating medical providers.

### III. CONCLUSION

Based upon the above analysis, IT IS HEREBY ORDERED that pursuant to sentence four of 42 USC § 405(g) the Commissioner's decision denying Ms. Mejia's application for Supplemental Security Income is REVERSED and REMANDED for further administrative proceedings. IT IS FURTHER ORDERED that judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the United States Supreme Court's decision in <u>Shalala v. Schaefer</u>, 509 US 292, 296-302 (1993).

DATED this 14th day of September, 2011.

_____
Judge Dale A. Kimball
United States District Court